# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class GERAE J. LITTLE**
**United States Army, Appellant**

ARMY 20110729

Headquarters, U.S. Army Accessions Command and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain John L. Schriver, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

30 April 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curium:

A military judge, sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of desertion with intent to avoid hazardous duty, two specifications of failure to repair, one specification of disobeying an order, and one specification of disrespect, in violation of Articles 85, 86, and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, and 891 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, one year of confinement, forfeiture of $978.00 per month for twelve months and to be reduced to E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence to confinement as provided for eight months of confinement and otherwise approved the adjudged sentence.  The convening authority also took action on a request for waiver of automatic forfeitures.  As pointed out by appellate defense counsel in a footnote in their pro forma brief, and upon our review under Article 66, UCMJ, we find issue with the convening authority's action to waive forfeitures and address below.

The convening authority approved appellant's request for deferment of automatic and adjudged forfeitures until initial action.  At action, the convening authority waived the automatic forfeitures of two-thirds pay per month for a six-

month period for the benefit of appellant's child, payable to the ex-wife of the appellant. The action, however, also approved the sentence that included forfeiture of $978.00 pay per month (two-thirds of appellant's pay) for twelve months, thus leaving no pay to waive for the benefit of appellant's child. The convening authority explicitly set out in his action that funds were meant to be payable for the benefit of appellant's child. We find that the clear intent of the convening authority was to disapprove the adjudged forfeitures and his failure to do so was an administrative oversight. Therefore, in order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we will correct this error by granting relief in our decretal paragraph.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority, except for that that portion of the sentence that included forfeiture of $978.00 pay per month for twelve months, correct in law in fact. Accordingly, the findings of guilty and the remainder of the sentence are AFFIRMED. The portion of the sentence that included forfeiture of $978.00 pay per month for twelve months is hereby set aside. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2